# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LESTER L. TELLIS,

    *Petitioner*,

vs.

BILL DONAT, *et al.*,

    *Respondents*.

3:10-cv-00387-ECR-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court following initial review under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules") of the amended petition (#15) filed by the Federal Public Defender. Following upon said review, a response will be directed.

IT THEREFORE IS ORDERED that respondents shall have **forty-five (45)** days from entry of this order within which to answer, or otherwise respond to, the amended petition, including by motion to dismiss. **Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the amended petition and which are entered pursuant to Habeas Rule 4**.

IT FURTHER IS ORDERED that respondents may -- but are not required to -- join any procedural defenses raised together with a response on the merits within a single, consolidated answer. However, regardless of whether respondents first file a motion to dismiss or instead an answer, they then shall raise **all** of their procedural defenses within the

initial response. In other words, the Court does not wish to address any procedural defenses raised herein in *seriatum* fashion in multiple successive motions to dismiss. All such procedural defenses instead must be presented either in a single, consolidated motion to dismiss or within a single answer consolidated with the response on the merits. Procedural defenses omitted from the initial response filed, whether a motion to dismiss or an answer, will be subject to potential waiver.

IT FURTHER IS ORDERED that, absent respondents' identification of a decision on the merits on the claim presented herein by the last reasoned state court decision on that claim, respondents shall present any merits argument that they present in relation to a *de novo* standard of review rather than with regard to the deferential AEDPA standard of review. That is, it would appear at least from preliminary review that the state courts did not decide the claim on the merits. If that appearance is correct, review then would be *de novo* if this Court reaches the merits. Respondents thus should address the merits, if respondents present argument on the merits, under the *de novo* standard of review.

IT FURTHER IS ORDERED that any additional exhibits filed by the parties herein shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment, as counsel for petitioner has done in ## 16-17.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from service of the answer, motion to dismiss, or other response to file a reply or opposition.

DATED:   February 3, 2012.

_____
EDWARD C. REED
United States District Judge