# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LESTER L. TELLIS,

    *Petitioner*,

vs.

BILL DONAT, *et al.*,

    *Respondents.*

3:10-cv-00387-LRH-VPC

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#23) to dismiss. Respondents contend that the single ground presented contains unexhausted claims.

### *Background*

Petitioner Lester Tellis, a Nevada state inmate, challenges a prison disciplinary conviction for sexual assault, threats, and sexually stimulating activity. The disciplinary conviction resulted in, *inter alia*, a loss of sentence credits. After exhausting administrative remedies, petitioner challenged the disciplinary conviction in a petition in state district court and then on appeal to the state supreme court.

### *Governing Exhaustion Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that

entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Under *Rose v. Lundy*, 455 U.S. 509 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

### *Discussion*

In the amended federal petition (#15), petitioner alleges that he was denied procedural due process when he was not allowed to present witnesses and other documentary evidence at the disciplinary hearing and because there was no evidence in support of the charges.

Respondents contend that the ground is not exhausted to the extent that petitioner claims that: (a) he was not allowed to present other documentary evidence; and (b) there was no evidence supporting the conviction.

The Court is persuaded that petitioner fairly presented a claim in the state courts that he was denied due process when he was not allowed to present documentary and other evidence in addition to witnesses. In the state petition, Tellis referred to surveillance video, polygraph, and DNA evidence that he wanted developed and presented.[1] Giving his state papers a liberal construction and a considerable benefit of the doubt, the Court is persuaded that petitioner fairly presented a claim to the state courts that he was denied due process when requests to develop and present such evidence were denied.[2]

The Court is not persuaded, however, that petitioner fairly presented a claim in the state courts

---

[1] #16, Ex. 13, at handwritten page numbers 7, 8 & 12.

[2] The Court expresses no opinion as to whether the disciplinary proceeding record reflects that petitioner timely requested that such evidence be developed and presented, whether correctional officials were required by due process to secure surveillance video, polygraph and DNA evidence on request, or whether such evidence was relevant or probative.

that he was denied due process because there was no evidence supporting the conviction. While petitioner proclaimed his innocence in his state petition, he did not allege as he does on federal habeas review that there was no evidence supporting the conviction. He instead challenged the veracity and reliability of the victim's allegations. In this vein, petitioner, *inter alia*: (a) queried why he was not also charged for being in an unauthorized area if the allegations were true; (b) asked why the victim did not tell an officer that he had been sexually assaulted after the first or second time rather than the fifth or sixth time; (c) suggested that the victim was trying to manipulate the system for what he could get from it; (d) queried why the unit housing officer had not seen the multiple sexual incidents; (e) maintained that the victim was a psychiatric patient and queried how officers "can take his word over my word;" and (f) maintained that he had hepatitis and another condition and that the victim necessarily also would be infected if the allegations were true.[3] These are arguments seeking to contradict evidence against the petitioner and in particular to challenge the veracity and reliability of the victim's account. They are not arguments maintaining that there was no evidence against petitioner.

Petitioner contends that he raised such a claim by citing to *Superintendent, Massachusetts Correctional Institution at Walpole v. Hill*, 472 U.S. 455 (1985). However, the referenced passage in the state petition did not fairly present any coherent claim, including a claim that there was no evidence supporting his disciplinary conviction. Petitioner included in the petition three paragraphs with not fully coherent sentence fragments that appeared to be drawn from case annotations in a code service or digest. The third such paragraph read:

> Minnesota Court Invalidates "some evidence" standard in Disciplinary hearings for fact-finding. the [sic] Court held that the "<u>some evidence</u>" Standard of Superintendent, Massachusetts Correctional Institution at Walpole v. Hill, 472 U.S. 445 (1985)(See Exhibit #I).

#16, Ex. 13, at handwritten page 10. The referenced exhibit was an article summarizing a Minnesota Supreme Court decision holding that Minnesota correctional officials must find a disciplinary violation by a preponderance of the evidence rather than under the *Hill* "some evidence" standard. At best, Tellis sought by referring to the Minnesota case to argue that his hearing officer similarly should have applied

---

[3] #16, Ex. 13, at 6-7 & 12-13.

a preponderance of the evidence standard *rather than* the allegedly *"invalidated" Hill* standard. At worst, petitioner presented nothing more than pseudo-legal gibberish that did not make any coherent argument. Either way, petitioner did not cite *Hill* in the passage in support of a fairly-presented claim that there was no evidence supporting his disciplinary conviction.[4]

The claim in the federal petition that there was "not a scintilla of evidence" fundamentally alters the claim exhausted in the state courts. In the state courts, petitioner alleged that he was denied procedural due process when he was denied, *inter alia*, the assistance of counsel and the opportunity to present witnesses. Such a claim is fundamentally distinct from a claim that there was no evidence in support of the disciplinary conviction. Petitioner relies on the fact that the *Hill* Court referred back to the procedural requirements established previously in *Wolff v. McDonnell*, 418 U.S. 539 (1974), when it held that some evidence is required to support a disciplinary conviction. However, the *Hill* Court's reference back to the *Wolff* holding does not establish that the two distinct claims are one and the same. They are not. An exhausted claim that the required procedures were not followed is fundamentally altered by the addition of a claim on federal review that there was no evidence supporting the conviction. One claim challenges procedure, the other the presence of supporting evidence.

The Court accordingly holds that the amended petition is not exhausted to the extent that petitioner claims that there was no evidence supporting the disciplinary conviction.

IT THEREFORE IS ORDERED that respondents' motion (#23) to dismiss is GRANTED IN PART, such that the Court holds that the amended petition is not exhausted to the extent that petitioner claims that there was no evidence supporting the disciplinary conviction.

IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from entry of this order within which to file a motion for dismissal without prejudice of the entire petition, for partial dismissal only of the unexhausted claim, and/or for other appropriate relief. Any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within **ten (10) days** thereafter, a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has

---

[4] *Cf. Castillo*, 399 F.3d at 1003 ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory.") Petitioner did not articulate a coherent sentence, much less an underlying federal legal theory that there was no evidence supporting the disciplinary conviction in violation of *Hill*.

conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the verification is not timely filed.

IT FURTHER IS ORDERED that the standard response and reply times under Local Rule LR 7-2 shall apply to any motion filed, except that the response time shall run from the filing of the verification rather than the motion itself.

DATED this 28th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

-5-